UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

ANNETTE A.,[1]

                                    Plaintiff,                  Case # 23-CV-6087-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
───────────────────────────────────

## INTRODUCTION

Plaintiff Annette A. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 4, 6. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In November 2020, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 71. She alleged disability since March 2020. *Id.* On September 20, 2022, Administrative Law Judge Dale Black-Pennington ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 13-22. In December 2022, the Appeals Council denied Plaintiff's

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

1

request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 404.1520(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 15.  At step two, the ALJ found that Plaintiff has severe impairments of morbid

obesity, lumbar degenerative disc disease with lumbago and sciatica, and osteoarthritis of the right knee. *Id.* The ALJ found Plaintiff's depression nonsevere. Tr. 16. At step three, the ALJ found that her impairments do not meet or medically equal any Listings impairment. Tr. 17.

Next, the ALJ determined that Plaintiff retains the RFC to perform a reduced range of sedentary work. *Id.* At step four, the ALJ found that Plaintiff could not perform past relevant work. Tr. 20. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 20-21. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 21.

## II. Analysis

Plaintiff argues that remand is warranted because (1) the ALJ failed to consider her depression in constructing the RFC; (2) failed to properly evaluate the opinion of consultative examiner Harbinder Toor, M.D.; and (3) erroneously included a sit/stand option in the RFC. *See generally* ECF No. 4-1. Plaintiff's arguments do not warrant remand.

### a. Depression

Plaintiff does not contest that the ALJ permissibly found her depression nonsevere at step two. *See* ECF No. 4-1 at 13-20. Rather, she argues that, because the ALJ did not explicitly analyze her depression in the section of the decision devoted to the RFC, it must be inferred that he wholly failed to consider the functional limitations resulting from her depression when fashioning the RFC. *See id.* at 16-19. This constitutes error because "an RFC determination must account for limitations imposed by both severe and non-severe impairments." *Id.* at 15 (internal quotation marks and brackets omitted). While the Court agrees with some of the general principles on which Plaintiff relies, it concludes that remand is not justified on the facts presented.

4

The ALJ "must consider the impact of all of a claimant's medically determinable impairments when assessing a claimant's RFC," regardless of whether "an impairment qualifies as severe or nonsevere at step two." *Boudreau v. Comm'r of Soc. Sec.*, No. 18-CV-6681, 2020 WL 1501752, at *4 (W.D.N.Y. Mar. 30, 2020). The analysis at step two is analytically distinct from the construction of the RFC, which is why "[t]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *MacDonald v. Comm'r of Soc. Sec.*, No. 17-CV-921, 2019 WL 3067275, at *3 (W.D.N.Y. July 11, 2019). Social Security Ruling 96-8p envisions that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process [will entail] a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). "The RFC assessment [will also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Remand may be necessary where the ALJ fails to properly consider the impact of a claimant's nonsevere impairments on the RFC. *See Dollena M. v. Comm'r of Soc. Sec.*, No. 21-CV-1137, 2024 WL 957789, at *7 (W.D.N.Y. Mar. 6, 2024) (collecting cases). Such consideration must be discernible in the decision itself. *See, e.g.*, *Susan L. v. Comm'r of Soc. Sec.*, No. 20-CV-6877, 2022 WL 16700288, at *3 (W.D.N.Y. Nov. 3, 2022) ("[I]f an ALJ fails to explain why he did not include limitations to account for a claimant's non-severe mental impairments, that legal error requires remand.").

In this case, Plaintiff originally filed for benefits in November 2020, Tr. 71, but did not allege that she suffered from depression until early 2021, at the reconsideration level of administrative proceedings. Tr. 86. Plaintiff alleged that her depression arose from the fact that

"[she] can't return to work and [hasn't] been able to obtain work." *Id.* Plaintiff began mental-health counseling in summer 2021. Tr. 734. At the August 2022 hearing, Plaintiff did not specifically identify any functional limitations related to her depression. *See* Tr. 59 (stating that depression and anxiety "might" affect her ability to work but not describing those effects in detail). She noted that she had problems with her memory "[o]n certain things," Tr. 50, but did not have a problem with crowds, Tr. 51, or an inability to attend to her daily needs, Tr. 52.

In his decision, the ALJ discussed the consultative opinion of Adam Brownfeld, Ph.D., Tr. 16, 734-37, and the opinion of state agency consultant E. Kamin, Ph.D., Tr. 16, 92-93. Based on their opinions, the objective findings, and Plaintiff's reports of her abilities, the ALJ concluded that Plaintiff had no limitations in (a) understanding, remembering, or applying information, (b) interacting with others, or (c) concentrating, persisting, or maintaining pace. Tr. 16-17. The ALJ found that Plaintiff was mildly limited in her ability to adapt and manage herself. Tr. 17. After making those findings, the ALJ stated that the RFC "reflect[ed] the degree of limitation" that he found in connection with his step-two analysis. Tr. 17. The RFC contains no limitations related to Plaintiff's depression. *See id.*

Based on the ALJ's discussion, it is evident that the ALJ found that Plaintiff's depression did not cause any functional limitations warranting a more restrictive RFC. This follows quite plainly from the ALJ's conclusion that Plaintiff had no limitations in three of the four relevant functional areas. *See Wells v. Colvin*, 727 F.3d 1061, 1065 n.3 (10th Cir. 2013) (noting that a finding of "none" in a functional area "obviate[s] the need for further analysis at step four," since the impairment necessarily "pose[s] *no* restriction on the claimant's work activities"). And while the ALJ did find that Plaintiff had a mild limitation in managing herself, a mild limitation in one category at step two "does not necessarily imply a corresponding limitation in a claimant's RFC."

6

*Janine T. v. Comm'r of Soc. Sec.*, No. 23-CV-384, 2024 WL 1678128, at *3 (W.D.N.Y. Apr. 18, 2024) (rejecting the theory that "because the ALJ found, at step two, that Plaintiff was mildly limited in her abilities to interact with others and concentrate and maintain pace, the ALJ was required to include *some* limitation related to her depression in the RFC").

Plaintiff disputes that the ALJ actually conducted the required analysis, however. She observes that her depression is not mentioned after step two of the ALJ's evaluation. *See* ECF No. 4-1 at 16 (citing Tr. 17-20). And she expresses skepticism that the ALJ's boilerplate acknowledgement that the RFC "reflects the degree of limitation" associated with her depression is sufficient to demonstrate that he in fact considered her depression "when determining the RFC." *Id.* at 16-17. In short, Plaintiff contends that the ALJ's decision should have contained a more detailed assessment of the functional limitations resulting from her depression. Without it, remand is appropriate "so that the ALJ c[an] properly address [her] mental limitations at step four." *Id.* at 17.

Plaintiff's argument is not without support in the case law. District courts in this circuit—including this Court—have remanded cases where an ALJ finds impairments nonsevere at step two but fails to explicitly "assess [those] impairments in the RFC portion of [the] decision." *Dollena M.*, 2024 WL 957789, at *6 (collecting cases); *see also, e.g.*, *Zochios v. Berryhill*, No. 17-CV-6207, 2018 WL 1835451, at *4 (W.D.N.Y. Apr. 18, 2018) (remanding case because "the ALJ's RFC analysis does not mention [the claimant's nonsevere] anxiety or bipolar disorders and the RFC determination lacks any related mental limitations"); *Bogner v. Comm'r of Soc. Sec.*, No. 20-CV-10724, 2022 WL 16701197, at *16 (S.D.N.Y. July 18, 2022) ("The fact that the ALJ analyzed the paragraph B criteria and discussed the weight she assigned to the [relevant medical] opinions . . . in finding Plaintiff's mental impairments to be non-severe, did not relieve her of the

7

requirement to discuss these mental health impairments in the RFC portion of her decision."). Likewise, courts have declined to presume that an ALJ undertook the required analysis solely on the basis of "boilerplate language" like that included in the decision here.[3] *See, e.g.*, *Dollena M.*, 2024 WL 957789, at *6 (collecting cases); *Susan L.*, 2022 WL 16700288, at *3 (noting the "lip service" the ALJ "paid . . . to the rules" by including boilerplate language about the need to undertake a "more detailed assessment" at steps 4 and 5).

However, the reasoning of these decisions should not be divorced from their facts and treated as universal, brightline rules. "Broad statements of disability law, particularly from district courts, are of little use when removed from their fact-specific context." *Smith v. Comm'r of Soc. Sec.*, 528 F. Supp. 3d 66, 69 (E.D.N.Y. 2021). It is well-established that an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. All that is required is that an ALJ's analysis "afford[] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Remand is only warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). So long as the "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," an ALJ is not required to "mention[] every item of testimony presented to him or

---

[3] In the present case, the ALJ wrote:

> The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis.

Tr. 17.

[ ] explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

Thus, the Court's task is simply to determine whether, in substance, the ALJ failed to properly consider the impact of Plaintiff's depression on the RFC. Viewed in the context of the record evidence and relevant medical opinions, the Court can readily "glean" from the ALJ's decision that he found that Plaintiff's depression did not cause any functional limitations warranting a more restrictive RFC. *Id.* As a result, remand for a more "detailed" assessment would serve no purpose and is not warranted.[4] *Accord Trombley v. Colvin*, No. 15-CV-567, 2016 WL 5394723, at *17 (N.D.N.Y. Sept. 27, 2016) ("While the ALJ may not have specifically mentioned non-severe impairments by name in his RFC analysis, the record as a whole shows that he did evaluate those impairments and their possible limiting effects and found those limitations to be non-existent or *de minimis*, thereby rendering any legal error on his part harmless.").

### b. Dr. Toor

As part of a consultative examination, Dr. Toor diagnosed Plaintiff with back and abdominal pain and opined that she is moderately limited in her abilities to stand, walk, and sit for "a long time." Tr. 644-45. He also opined that she would be moderately to markedly limited in her abilities to bend, lift, and carry. Tr. 645. The ALJ found Dr. Toor's opinion "somewhat persuasive." Tr. 19. He remarked that Dr. Toor "did not define what a moderate limitation would be or what a long time is quantitatively." Tr. 20.

Plaintiff argues that the ALJ erred because, "[d]espite believing the opinion to be vague, the ALJ did not re-contact Dr. Toor for an explanation or definition of the terms." ECF No. 4-1 at

---

[4] Indeed, in her brief, Plaintiff does not identify what functional limitations she believes the ALJ should have included. *See generally* ECF No. 4-1.

9

20. Plaintiff also argues that the ALJ erred by finding the opinions of the state agency consultants more persuasive than Dr. Toor's opinion. *See* ECF No. 4-1 at 21.

On both points, the Court disagrees. "There is no absolute obligation or duty to recontact a medical source under the regulations, particularly when the evidence in the record is complete and consistent." *Darci H. v. Comm'r of Soc. Sec.*, No. 21-CV-877, 2024 WL 1721333, at *5 (W.D.N.Y. Apr. 22, 2024); *see also Schillo v. Kijakazi*, 31 F.4th 64, 76 (2d Cir. 2022) (rejecting the argument that an ALJ is "duty bound" to "obtain a more detailed and clarified statement from [a treating physician] before rejecting statements due to vague, undefined terms" (internal quotation marks omitted)). The mere fact that one of the medical opinions is vague does not, by itself, create a gap in the administrative record that the ALJ is required to develop. *See Schillo*, 31 F.4th at 76 ("[A] deficiency in reasoning by a treating physician is not the same as a gap in treatment records.").

As for the ALJ's decision to credit the opinions of the state agency consultants, Plaintiff's sole argument is that, as an "examining doctor," Dr. Toor's opinion was worthy of more weight than those who "merely review[ed] a medical file." ECF No. 4-1 at 21. There is no such brightline rule, however. *See Camille v. Colvin*, 652 F. App'x 25, 27-28 (2d Cir. 2016) (summary order) (affirming ALJ's decision to give more weight to the opinion of a state agency consultant than to the opinion of a treating physician); *Frye v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) (summary order) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record.").

Therefore, remand is not warranted on these grounds.

**III.    Sit/Stand Option**

In the RFC, the ALJ included a sit/stand option: Plaintiff could "stand and/or walk for two hours with normal breaks in twenty minute intervals." Tr. 17. Plaintiff contends that the ALJ failed to articulate an "appropriate rationale" for the sit/stand option. ECF No. 4-1 at 23. This alleged error does not justify remand.

"As a general matter, where an ALJ imposes a limitation in his RFC that is *more* restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022). In this case, there was no opinion in the record suggesting that Plaintiff needed a sit/stand option. The state agency consultants opined that Plaintiff could perform the standing, sitting, and walking requirements of sedentary work so long as she received "normal breaks." Tr. 77, 96. Dr. Toor opined that Plaintiff was moderately limited in her abilities to stand, walk, or sit for "a long time." Tr. 645. Even if Dr. Toor's limitation could be understood to demand some greater restriction than the requirements of sedentary work, it could not be reasonably interpreted to mandate breaks more frequently than twenty minutes.

Given the medical opinions in the record—none of which incorporates a more restrictive sit/stand option—even if the ALJ erroneously relied on his lay judgment to add this more restrictive limitation, Plaintiff has not shown harmful error justifying remand. *See Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022) ("The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required[,] and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand.").

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 4) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 11, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York